STATE EMPLOYEES — "MILITARY LEAVE" WHEN ON DUTY WITH CIVIL AIR PATROL State agencies may not grant time and leave benefits under 72 O.S. 48 [72-48] (1975), to an employee going on duty status with the Civil Air Patrol. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: May state agencies grant time and leave benefits under 72 O.S. 48 [72-48] (1975), commonly referred to as "military leave", when an employee who is a Civil Air Patrol member goes on duty status with the Civil Air Patrol? Title 72 O.S. 48 [72-48] (1975), provides: "All officers and employees of the state, or a subdivision thereof, or a municipality therein, who are members, either officers or enlisted men of the Reserve Corps of the Army, the Navy, the Marine Corps, the Coast Guard, the Woman's Auxiliary Corps, or any other component of the Armed Forces of the United States, shall, when ordered by the proper authority to active duty or service, be entitled to a leave of absence from such civil employment for the period of such active service without loss of status or efficiency rating and without loss of pay during the first twenty (20) calendar days of such leave of absence during any calendar year." As can be ascertained from this statutory provision, military leave benefits under 72 O.S. 48 [72-48] are applicable to officers or enlisted men of the Reserve Corps of the Army, the Navy, the Marine Corps, the Coast Guard, the Woman's Auxiliary Corps, or any other component of the Armed Forces. Inasmuch as the Civil Air Patrol is not specifically designated as one of the military organizations from which military leave-benefits may be derived, it must first be determined if the Civil Air Patrol would qualify as "any other component of the Armed Forces". The resolution of this question requires an examination and an analysis of the nature and character of the organization of the Civil Air Patrol. The Civil Air Patrol is a body corporate statutorily created July 1, 1946, in Chapter 11 of Title 36, United States Code, at Section 201. Title 10 U.S.C.A., 9441, expressly designates that the status of the Civil Air Patrol is that of a volunteer civil auxiliary of the Air Force. Relative of the military or veteran's status conferred to members of the Civil Air Patrol by virtue of the volunteer auxiliary status of this organization, Section 8150 of Title 5, U.S.C.A., provides: "(b) Section 8141 of this title and section 9441 of title 10 do not confer military or veteran status on any individual." From the above-noted federal statutory provisions, the conclusion that the Civil Air Patrol is not a component of the Armed Forces but rather an independent and private body corporate being an auxiliary to the U.S.A.F. would appear to be inescapable. This conclusion appears to find additional support by virtue of the nature and character of this organization as expressed by the organization itself within its G.A.P. Orientation Manual published July, 1972, by the C.A.P. National Headquarters, Maxwell Air Force Base, Montgomery, Alabama. As stated in this publication in Chapter 3 (The C.A.P.-U.S.A.F. Relationship), at page 30: "CAP was established as a civilian auxiliary of the U.S. Air Force on 26 May 1948, by an Act of Congress (10 USG 9441). The Public Law, and its amendments, did not change the character of CAP as a private corporation, nor make it an agency of the U.S. Government, but gave the Secretary of the Air Force certain authority to furnish assistance to CAP and to accept and utilize the services of CAP in the fulfillment of the noncombatant mission of the Air Force . . . ." Further, appearing at page 33 of this publication the statement is made that: ". . . CAP is a civilian corporation made up of volunteers who pay dues for the privilege of being a member of CAP and rendering a service to the nation. Although CAP members wear an adaptation of the Air Force uniform, have an organization that is patterned after that of the U.S. Air Force, and perform their duties in a military manner, they are still civilians." Based upon the various classes of military organizations recognized for purposes of military leave benefits under 72 O.S. 48 [72-48] (1975), and further based upon the nature and character of the Civil Air Patrol as an independent corporate body and as a volunteer civilian auxiliary to the United States Air Force, it would not appear that the Civil Air Patrol would qualify or otherwise constitute a component of the Armed Forces. It is, therefore, the opinion of the Attorney General that your question should be answered in the negative: State agencies may not grant time and leave benefits under 72 O.S. 48 [72-48] (1975), to an employee going on duty status with the Civil Air Patrol. (R. THOMAS LAY) (ksg)